bernardodait404b

LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
AUG 30 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> BERNARDO DAIT, JR., <br><br> Defendant. | CRIMINAL CASE NO. 06-00027 <br><br> **MOTION FOR ADMISSION OF 404(B) ACTS AND MEMORANDUM OF POINTS AND AUTHORITIES** |

Comes now the United States of America, by and through Rosetta L. San Nicolas, Assistant U.S. Attorney and respectfully moves this Honorable Court to admit evidence of other crimes, wrongs or acts pursuant to Rule 404(b) of the Rules of Evidence. This Motion is based on the following memorandum of points and authorities, the record in the Court's file, and any oral arguments or evidence that may be produced at the hearing in this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

On August 2, 2006, an Indictment was returned by the Grand Jury charging the defendant BERNARDO DAIT, JR., with the offense of Drug User in Possession of a Firearm, in violation of 18 U.S.C. §922(g)(3) and 924(a)(2) and §2. The Indictment alleges as follows:

> On or about April 21, 2006, in the District of Guam, BERNARDO DAIT, JR., the defendant, then being an unlawful user of a controlled substance as defined in 21 U.S.C. §802, did knowingly receive firearms described as follows: Beretta rifle,

model CX4STORM, 9 mm caliber, serial number CX04596, Bushmaster Rifle, model XM15-E2S, .223 caliber, serial number BF1431318, which had been transported in interstate commerce, in violation of Title 18, United States Code Sections 922(g) and 924(a)(2) and 2.

Defendant made a first appearance on August 4, 2006 and Jury Selection and Trial were calendared for September 22, 2006. The United States now moves this Court to admit evidence of prior crimes, wrongs, or acts pursuant to Rule 404(b), specifically, the United States moves to admit evidence that six (6) firearms confiscated from the defendant on January 1, 2004, listed as follows:

1) Colt Rifle, Model AR-15 HBAR Sporter .223 caliber,

2) Romanian Rifle, SAR-1 7.72 x 39 caliber,

3) Bushmaster Rifle, Model XM15-E2S .223 caliber,

4) Mossberg Shotgun Model 500 A .12 gauge,

5) Glock pistol .9 mm, and

6) Glock pistol model 17 .9 mm.

The United States also moves this Court to admit evidence of defendant's admissions and a glass methamphetamine pipe containing crystal methamphetamine which was confiscated from the defendant's bedroom on January 1, 2004.

### I. EVIDENCE OF DEFENDANT'S CRIMES, WRONGS OR ACTS SHOULD BE ADMISSIBLE AT TRIAL.

Federal Rule of Evidence 404(b) allows the admission of "other crimes, wrongs or acts evidence as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FRE § 404(b). In the absence of this evidence, the jury would be left with the inaccurate impression that the charged offense of drug user in possession of a firearm is an isolated event. The evidence would prove elements of the offense, that the defendant is an unlawful user of a controlled substance, and that because of this prohibited status, that is unlawful for him to possess weapons. The proffered evidence will explain, inter alia, the defendant's involvement with controlled substances and will "put their activities [as charged in

2

the indictment] in context for the jury." United States v. McKoy, 771 F.2d 1207, 1214 (9th Cir. 1985).

The Ninth Circuit has adopted an "inclusionary" approach to FRE 404(b). United States v. Hadley, 918 F.2d 848, 850 (9th Cir. 1990). The admission of any evidence of other crimes, wrongs, or acts relevant to an issue in the trial is permitted unless it proves only the Defendant's criminal propensity. Id.; McKoy, 771 F.2d at 1213; United States v. Winters, 729 F.2d 602, 604 (9th Cir. 1984). The trial judge is accorded wide discretion in deciding whether to admit such evidence. Hadley, 918 F.2d at 850. The evidence may concern uncharged acts. Id. To be probative of something other than criminal propensity, the other crimes, wrongs, or acts evidence must satisfy the criteria set forth in Hadley.

In Hadley, the Ninth Circuit considered the propriety of admitting, pursuant to FRE 404(b), evidence of a defendant's uncharged prior acts. The court articulated a four-part test to determine whether prior bad act evidence is admissible under Rule 404(b):

1. Sufficient proof exists for the jury to find that the defendant committed the prior act;
2. The prior act was not too remote in time;
3. The prior act is offered to prove a material issue in the case; and
4. Where offered to prove intent, the prior act is similar to the offense charged.

Id. at 850-51.

The court in Hadley applied these criteria to the proffered evidence and held that such evidence was admissible under Rule 404(b). Once relevance is established, the trial court should admit the prior bad act evidence unless its prejudicial impact substantially outweighs its probative value. Huddleston, 108 S.Ct. at 1502; Hadley, 918 F.2d at 852.

The evidence proffered in the instant case passes each of the Hadley tests, and should be admitted at trial.

//

//

## II. SUFFICIENT PROOF EXISTS FOR THE JURY TO FIND THAT DEFENDANT DAIT COMMITTED THE PRIOR ACTS

The witnesses at trial will include the ATF Special Agents Hoang Nguyen and/or SA Kenneth C. Torres. They will testify that on New Year's Eve, they heard the sounds of gunshot coming from a neighborhood in the village of Dededo, Guam. The Agents will testify that they witnessed the defendant Bernardo Dait and two friends picking up ammunition shells. Defendant Dait admitted that he was the owner of six (6) firearms and that he shot the weapons. Defendant Dait consented to a search of his residence which revealed drug paraphernalia and crystal methamphetamine ("ice") in a glass tube. Notably, the drug paraphernalia and crystal methamphetamine was found in the Defendant's room. Defendant admitted to consuming "ice" by smoking approximately $100.00 worth of crystal methamphetamine one or two times a month.

The Defendant is fully aware of the People's intent to introduce 404(b) evidence as discovery has been previously provided.

The trial court itself is not required to make a preliminary finding that the government has proved the "other act" by a preponderance of the evidence before submitting "similar acts" evidence to the jury. Huddleston, 108 S.Ct. at 1501. Similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor. The evidence should be admitted if there is sufficient evidence to support such a finding. Id. In determining whether the government has introduced sufficient evidence to support a finding of the conditional fact, the trial court need not weigh credibility, nor make a finding that the government has proved the conditional fact by a preponderance of the evidence. Id. The court is simply to examine all the evidence in the case and decide whether a jury could reasonably find the conditional fact by a preponderance of the evidence. Id.

The testimony of the Special Agents regarding the circumstances of the Defendant's possession of firearms and crystal methamphetamine can be sufficient evidence to support a finding by the jury that the prior acts occurred and that the Defendant committed them. United States v. Johnson, 132 F.3d 1279, 1283 (9th Cir. 1997)(in child sexual abuse case, testimony of

4

single witness can be sufficient to establish reliability of prior bad act evidence; no corroborating evidence required to satisfy "low threshold" of test). Further, the proffered prior act evidence amounts to more than "unsubstantiated innuendo." Huddleston, 108 S.Ct. at 1501; Hadley, 918 F.2d at 851.

Thus, Defendant's prior acts should be admitted by this Court.

## III. THE PRIOR ACTS WERE NOT TOO REMOTE IN TIME

The Ninth Circuit has refused to adopt an inflexible rule regarding remoteness. Hadley, 918 F.2d at 851. In Hadley, the trial court properly included evidence of similar acts which occurred some ten (10) years prior to the charged acts. Id. Evidence of a conviction over ten (10) years old was admitted in United States v. Spillone, 879 F.2d 514, 518-20 (9th Cir. 1989). In United States v. Ross, the court admitted evidence that the defendant committed acts similar to the charged crime thirteen (13) years earlier. 886 F.2d 264, 267 (9th Cir. 1989). In this case, the incident occurred on January 1, 2004 and is not too remote in time and should be admitted.

## IV. THE EVIDENCE IS BEING OFFERED TO PROVE A MATERIAL ISSUE

"Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when the issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." Huddleston, 108 S.Ct. at 1499.

In the instant case, the witnesses' testimony that the defendant possessed firearms while using crystal methamphetamine is probative of the Defendant's knowledge and intent to possess firearms while being a user of a controlled substance. The testimony that the defendant possessed firearms while being a user of crystal methamphetamine eliminates absence of mistake or accident. It proves his state of mind - that the possession of firearms on April 21, 2006 is made knowingly.

Further, in Estelle v. Maguire, 112 S.Ct. 475, 480-81 (1991), the Supreme Court determined that the prosecution may use other act evidence to prove an element even if it is conceded or not challenged by the defense. The Ninth Circuit, in Hadley, held that the defendant

5

"cannot preclude the government from proving intent simply by focusing his defense on other elements of his crime. [The defendant's] choice of defense did not relieve the government of its burden of proof and should not prevent the government from meeting this burden by an otherwise acceptable means. Rule 404(b) permits the government to prove intent by evidence of prior bad acts ...." 918 F.2d at 852.

The cases cited above support the admission of the Defendant's prior use of firearms while simultaneously being a user of controlled substance. It is probative of his intent. The proffered evidence should also be admitted to show, inter alia, motive, opportunity, knowledge, identity, scheme or plan, and absence of mistake or accident on the part of Defendant.

## V. THE PRIOR ACTS ARE SIMILAR TO THE OFFENSE CHARGED

The Special Agents will testify that the Defendant committed prior acts of possessing firearms while being a user of controlled substances. This is similar if not identical to the acts for which the Defendant is on trial. On January 1, 2004, the Defendant had six firearms in his possession, paraphernalia and ice residue and also admitted he was a user of controlled substances. In the instant case, defendant is in possession of two firearms and a pouch containing paraphernalia and ice residue. Defendant also admitted to using drugs up to April 21, 2006.

## VI. THE PROFFERED EVIDENCE IS MORE PROBATIVE THAN PREJUDICIAL

Rule 403 requires exclusion of relevant evidence only if its probative value is "substantially outweighed" by one or more dangers, such as unfair prejudice, jury confusion, undue delay or needlessly cumulative evidence.

The Ninth Circuit has repeatedly approved the practice of mitigating the prejudicial effect of 404(b) evidence by the issuance of a limiting instruction. See Hadley, 918 F.2d at 852 (evidence obviously prejudicial but effect limited by court's instructions); Winters, 729 F.2d at 604 (danger of unfair prejudice reduced by court's instruction that evidence of three other incidents of forced prostitution to be considered only to establish defendant's intent); Spillone, 879 F.2d 514, 520 (limiting instruction issued to minimize prejudicial effects of admitting evidence of prior similar

6

act). The Supreme Court has indicated that the trial court can protect the defendant from unfair prejudice by admitting other crimes evidence only when relevant and only for a proper purpose; by balancing the probative value of the similar acts against potential prejudicial effects and by issuing a limiting instruction on request. Huddleston, 108 S.Ct. at 1502. If, having heard the evidence, the court finds that the jury could not reasonably find the uncharged acts were committed, and committed by the defendant, Huddleston instructs the court to order the jury to disregard the evidence. Id.; Hadley, 918 F.2d at 851.

## CONCLUSION

The People should be permitted to offer evidence of Defendant's prior possession of six firearms, methamphetamine, and paraphernalia. Such evidence is admissible pursuant to 6 GCA § 404(b), and Ninth Circuit and Supreme Court case law. The evidence is not too remote in time and is more probative than prejudicial to the Defendant. Any prejudice to the defendant can be further eliminated through the use of a limiting instruction.

Dated this 30the day of August 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney