JOHN T. GORMAN
Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
BERNARDO GAGARIN DAIT, JR.

FILED
DISTRICT COURT OF GUAM
APR 23 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 06-00027 |
| | ) | |
| Plaintiff, | ) | SENTENCING MEMORANDUM |
| | ) | |
| vs. | ) | |
| | ) | |
| BERNARDO GAGARIN DAIT, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### SENTENCING MEMORANDUM

Defendant, BERNARDO DAIT, JR., by and through undersigned counsel, John T. Gorman, Federal Public Defender, respectfully requests that this Honorable Court impose a sentence of time served[1] followed by a period of supervised release.

**I.    Introduction**

Mr. Dait submits that this recommended sentence takes into consideration all the statutory factors, including the United States Sentencing Guidelines (U.S.S.G.), and especially, his

---

[1] Mr. Dait has one day of confinement credit. (Presentence Investigation Report, paragraph 8).

**ORIGINAL**

exemplary post-offense rehabilitation, his unique family responsibilities, and his good faith efforts to provide substantial assistance to the government. The proposed sentence is "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a) in light of United States v. Booker, 125 S. Ct. 738 (2005).

Booker restored district courts' ability to fashion a sentence tailored to the individual circumstances of the case and defendant by requiring courts to consider factors other than the sentencing range prescribed by the United States Sentencing Guidelines. Indeed, under § 3553(a), courts are *required* to sentence below the range if such a sentence would be sufficient to achieve the purposes of punishment.

Mr. Dait respectfully requests that this Court consider several important circumstances of this case in fashioning a sentence. *First*, Mr. Dait's excellent post offense rehabilitation, shows that he has renounced his criminal behavior and that he poses little or no risk of recidivism. *Second*, Mr. Dait's role as sole care giver and source of support for his 77 year-old mother and 11 year-old son means additional incarceration would wreak havoc on his innocent dependents. *Third*, his good faith efforts to provide substantial assistance to the government shows defendant's good character and changed attitude. These circumstances warrant a sentence below that of five months incarceration and five months house arrest as recommended by the U.S. Probation Department.

## II. Post-*Booker* Sentencing Considerations

The Court is no doubt aware of the broad ramifications of United States v. Booker for this proceeding. The sentencing guideline range is no longer binding on the Court, but is only one

of five factors to be considered in determining the sentence. Booker, 125 S. Ct. at 764-65. The other four factors are (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentence available; (3) the need to avoid unwarranted sentencing disparity; and (4) the need to provide restitution. *Id.*; 18 U.S.C. § 3553(a)(1), (a)(3), (a)(6)-(7).

In considering the § 3553(a) factors, the sentencing guidelines are to be given no more or less weight than any other factor. *See* United States v. Jaber, 362 F. Supp. 2d 365, 370-76 (D. Mass. 2005) (providing comprehensive analysis of why sentencing guidelines do not reflect statutory purposes of punishment); United States v. Ranum, 353 F. Supp. 2d 984, 987 (E.D. Wis. 2005) (same). Perhaps even more important, however, is that Booker establishes a new, independent limit on the sentence that may be imposed. The primary sentencing mandate of § 3553(a) states that courts must impose the minimally-sufficient sentence to achieve the statutory purposes of punishment-justice, deterrence, incapacitation, and rehabilitation:

> The court shall impose a sentence *sufficient, but not greater than necessary*, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)].

18 U.S.C. § 3553(a) (emphasis added). This so-called "Parsimony Provision" is not simply a factor to be considered in determining sentence; it represents a cap above which the Court is *statutorily prohibited* from sentencing—even when a greater sentence is recommended by the sentencing guidelines. *See* United States v. Denardi, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part).

3

### III. The Sentencing Factors as Applied to Mr. Dait

Aside from the sentencing guidelines range, one of the § 3553(a) factors is particularly relevant in Mr. Dait's case: the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1) & (3). Traditional departure analysis still applies in determining what sentence is ultimately recommended under the sentencing guidelines.

#### A. The Nature and Circumstances of the Offense and Mr. Dait's History and Characteristics

##### 1. *Mr. Dait's Exemplary Post-Offense Rehabilitation*

Mr. Dait's remarkable post offense rehabilitation demonstrates his extraordinary remorse and acceptance of responsibility and shows that further incarceration is unnecessary to protect the public or punish him. His post-arrest conduct demonstrates that he has turned his life around and is headed in the right direction. Mr. Dait has been on pre-sentencing release for over 8 months, since August 4, 2006. He has remained drug free. He has never missed a drug test and has tested negative each time. He has complied completely with all conditions of his drug abuse treatment program. He has been completely law abiding and compliant with all conditions of his release. It is also important to note that Mr. Dait has no prior history with the criminal justice system.

Mr. Dait has also secured and maintained gainful employment. He has been employed at Nissan Motor Corporation since January 25, 2007. He works as a Service Consultant and earns approximately $1,300 monthly. His supervisor, Robert Paxton, describes him as

4

dedicated, reliable, an asset to the company and someone who provides remarkable service. Mr. Paxton further predicts that Mr. Dait will have a fulfilling and promising future with the company. (Exhibit A, Robert Paxon letter, dated April 17, 2007).

Additionally, Mr. Dait obtained his General Educational Diploma (GED) while on pre-sentencing release on September 18, 2006. Mr. Dait has demonstrated exemplary post-offense rehabilitation, has renounced his previous criminal activities and already embarked on a productive, law-abiding life with the assistance and support of his family.

### 2. *Mr. Dait's Unique Family Responsibilities*

Mr. Dait lives with and is the sole care giver and source of support for his 77 year-old mother, Laureana, and his 11 year-old son, Chazmin. They all live together in Malojloj. His mother, who is frail and suffers from asthma, relies on him to care for her and their property. Mr. Dait is also a single parent to his son, Chazmin. His ex-wife essentially deserted the family and has little or no contact with their son. Mr. Dait is the sole financial support for his 11 year-old son. If Mr. Dait is incarcerated further, it would pose a serious and unnecessary hardship for his elderly mother and his young son. *See* U.S. v. Aguirre, 214 F.3d 112 (9th Cir. 2000) (within district court's discretion to depart downward 4 levels for extraordinary family circumstances "based on the fact there is an 8 year-old son who's lost a father and would be losing a mother for a substantial period of time); U.S. v Johnson, 964 F.2d 124, 128-130 (2nd Cir. 1992) (in embezzlement case, approving 13 level downward departure, where defendant was a single mother responsible for 3 young children and young child of her institutionalized daughter, depart not because defendant had lesser culpability but because **"we are reluctant to wreak extraordinary destruction on dependents who rely solely**

5

on the defendant for their upbringing") (emphasis added).

### 3. Mr. Dait's Sincere Efforts to Provide Substantial Assistance to the Government.

Mr. Dait has made serious and concerted efforts to provide substantial assistance to the government. He met on numerous occasions with Alcohol, Firearms and Tobacco (ATF) and Drug Enforcement Agency (DEA) agents and furnished them with detailed information on criminal activity on Guam. The government, however, never followed up on his information and assistance. The government's inaction effectively robbed him of the benefits of a downward departure under Section 5K1.1 of the Sentencing Guidelines for substantial assistance. Mr. Dait's cooperation is worth discussing here for another reason: it gives significant insight into his character. *See* Roberts v. United States, 445 U.S. 552 (1980) (cooperation is a "laudable endeavor that bears a rational connection to a defendant's willingness to shape up and change his behavior"). This Court should take into consideration Mr. Dait's cooperation and not punish him for the government's inaction.

### IV. The Minimally-Sufficient Sentence in this Case

As discussed above, Booker and 18 U.S.C. § 3553(a)'s Parsimony Provision impose a statutory cap on sentences, no matter what is recommended under the sentencing guidelines: the sentence must be "sufficient, but not greater than necessary" to achieve the purposes of punishment. Here, it is respectfully submitted that a sentence of time served followed by a period of supervised release is sufficient to achieve the goals of punishment.

Justice is certainly served by this proposed sentence. Mr. Dait recognizes the seriousness of his offense. The proposed sentence also achieves the goals of deterrence,

6

incapacitation, and rehabilitation. Specific deterrence and incapacitation are relatively minor considerations in this case, given Mr. Dait's excellent post-offense rehabilitation, his unique role as sole care giver and support for his 77 year-old mother and 11 year-old son, his commitment to a drug free life and his cooperation with the government. For all of these reasons, Mr. Dait presents a low risk of recidivism. General deterrence is amply served by a sentence of time served and the period of supervised release. Finally, Mr Dait's need for rehabilitation will be furthered by his continued employment and supervision by U.S. Probation. The proposed sentence will further solidify and reinforce Mr. Dait's respect for the law.

In determining the minimally sufficient sentence, the Court must essentially ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation, or rehabilitation. Respectfully, it would not in this case. In making this judgment, it is important to examine the severe consequences Mr. Dait is already facing as a result of his conduct and this prosecution. While these consequences are not a complete substitute for judicial punishment, they are critically important to assessing what further punishment is necessary in this case. Because such consequences satisfy some of the purposes of punishment, they are widely recognized as grounds for departure under the sentencing guidelines.

Mr. Dait is a 32 year-old man. This serious Federal felony conviction will haunt him the rest of his life and will probably rob him of many job opportunities. Mr. Dait will be caring for his elderly mother, his young son, and maintaining gainful employment along with all his other supervised release conditions. Mr. Dait recognizes that he has brought this upon himself. But the punishment is no less real for being self-inflicted, and that is what matters in assessing the need for

7

additional judicial punishment.

V. **Conclusion**

Based on the above-mentioned points and authorities, Mr. Dait respectfully requests that this Honorable Court sentence him to time served and a period of supervised release. This proposed sentence would be reasonable, and would be sufficient, but not greater than necessary, and satisfies the mandates of 18 U.S.C. § 3553. The proposed sentence would also reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public from any further crimes.

DATED: Mongmong, Guam, April 23, 2007.

JOHN T. GORMAN
Attorney for Defendant
BERNARDO GAGARIN DAIT, JR.



**NISSAN MOTOR CORP. IN GUAM**
1012 North Marine Dr., Rte. 1
Tamuning, Guam 96913
Tel: (671) 647-7260
Fax: (671) 647-7269
Website: www.nissanguam.com

April 17, 2007

Mr. John T. Gorman
Federal Public Defender
District Court of Guam
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910

RE: **Bernard Dait**

I would like to recognize Mr. Bernard Dait as a very productive employee here at Nissan Motor Corp. in Guam. Bernard Dait has been employed here at NMCG since January 25, 2007 and has shown dedication to his position with NMCG as a Service Consultant. Mr. Dait has been quite reliable and is always willing to take the extra step to assist his co-workers in any way possible.

Mr. Dait's position with NMCG requires him to assist many customers on a daily basis. I have received many compliments from his customers for the remarkable service that he has provided them and am proud to have Mr. Dait as part of our Service Department.

I enjoy working with Mr. Dait and consider Mr. Dait an asset to NMCG. Mr. Dait has a remarkable attitude and I foresee a fulfilling and promising future with our company. NMCG is a family oriented company and we enjoy having Mr. Dait as part of our family.

If you should have any questions, please feel free to contact me at 647-7261 or 898-7435.

Thank you,

Robert Paxton
Shop Foreman
Nissan Motor Corp. in Guam

## CERTIFICATE OF SERVICE

I, RENATE A. DOEHL, hereby certify that a true and exact copy of the foregoing document was filed with U.S. District Court and electronically served by the U.S. District Court Clerk's Office to the following on April 23, 2007:

ROSETTA SAN NICOLAS
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA

MARIA CRUZ
U.S. Probation Officer
U.S. Probation Office
Districts of Guam and NMI
2nd Floor, U.S. District Court

DATED: Mongmong, Guam, April 23, 2007.

_____
RENATE A. DOEHL
Legal Secretary to

JOHN T. GORMAN
Attorney for Defendant
BERNARDO GAGARIN DAIT, JR.